■ Theodore C. Losee, Sr., Appellant, v Thomas C. Jorling, as Commissioner of the New York State Department of Environmental Conservation, et al., Respondents.—In a hybrid action for a judgment declaring that the plaintiff has right to continue treating and disposing of septage and sewage sludge at his facility in Hyde Park, Dutchess County, and for related injunctive relief, and a proceeding pursuant to CPLR article 78 to review a determination of respondent New York State Department of Environmental Conservation, dated February 21, 1990, directing him to cease operation on the "Jones Property", the plaintiff-petitioner appeals, as limited by his brief, (1) from so much of an order of the Supreme Court, Dutchess County (Hillery, J.), entered November 2, 1990, as determined that, although he possessed rights to collect and transport waste pursuant to State Administrative Procedure

Act § 401 (2), he possessed no rights pursuant to State Administrative Procedure Act § 401 (2) to continue treating and disposing of waste at his facility, and (2) from a judgment of the same court (Hillery, J.), entered February 13, 1991, which dismissed, on the merits, that branch of his pleading which sought relief pursuant to CPLR article 78.

Ordered that the order entered November 2, 1990, is modified, on the law, by deleting therefrom the provision holding that the plaintiff's right to continue collecting and transporting waste stems from his rights under State Administrative Procedure Act § 401 (2) and substituting therefor a provision declaring that his right to collect and transport waste stems from the Waste Transporter Permit issued by the respondent New York State Department of Environmental Conservation; as so modified, the order is affirmed insofar as appealed from; and it is further,

Ordered that the judgment entered February 13, 1991, is affirmed; and it is further,

Ordered that the respondents are awarded one bill of costs.

From approximately 1973 until 1981, the appellant's operations were carried out pursuant to permits issued by the Dutchess County Department of Health, as delegate of the respondent New York State Department of Environmental Conservation (hereinafter the DEC). These permits were individually issued for each of the appellant's sewage collection vehicles, and stated that the appellant was "authorized to engage in * * * septic tank cleaning [and] waste collecting * * * in the manner described" thereon. Each of these permits indicated that the septic waste was to be disposed of at the appellant's site in Hyde Park, Dutchess County, known as the "Jones Property". Effective May 5, 1981, the appellant's sewage treatment and disposal operations at the Jones Property became subject to the permit requirements of 6 NYCRR part 360 governing Solid Waste Management Facilities. The appellant subsequently made a series of applications for a permit pursuant to 6 NYCRR part 360 (hereinafter 360 permit), starting in the autumn of 1981.

No final determination was ever reached with respect to the appellant's 360 permit applications, despite the prolonged series of negotiations between the parties. In part, these negotiations were necessitated by the fact that groundwater contamination at the Jones Property had become of major concern to both the DEC and the United States Environmental Protection Agency. Beginning in 1982, the DEC took direct

charge of issuing permits concerning the sewage collecting and transporting aspects of the appellant's business pursuant to 6 NYCRR part 364. Until 1989, each of these "Waste Transporter Permits" continued to indicate, as had the Dutchess County-issued permits which preceded them, that the Jones Property was to be a place for disposal of the appellant's sewage waste. However, the 1989 renewal of the appellant's Waste Transporter Permit stipulated that all disposal of sewage waste at the Jones Property would have to cease as of December 31, 1989. By letter dated February 21, 1990, the DEC directed the appellant to cease the acceptance of waste and all related activities at the Jones Property, or face civil and criminal sanctions.

The record demonstrates that at no point in time was the appellant's application for his 360 permit approved by the DEC, which, owing to developing statutory and regulatory requirements, both State and Federal, had found it necessary to require a series of additional submissions from the appellant *(see, Matter of Atlantic Cement Co. v Williams*, 129 AD2d 84; ECL 70-0117 [2]). Therefore, no rights ever accrued in the appellant's favor pursuant to State Administrative Procedure Act § 401 (2) with regard to the treatment and disposal of sewage waste at his Hyde Park facility, whether in connection with the 1981 County-issued permit or any subsequent permits issued by the DEC. We hold that the DEC directive dated February 21, 1990, was a valid exercise of the agency's authority to summarily suspend the appellant's license in the interest of the public health, safety and welfare pursuant to State Administrative Procedure Act § 401. The record of this action amply demonstrates that the DEC's concern about groundwater contamination at the Jones Property was well-founded, the site having been included on the National Priority List pursuant to the Federal Comprehensive Environmental Response, Compensation and Liability Act *(see,* 42 USC § 9605 *et seq.).*

Although the record is unclear as to why the DEC has failed to make a final determination on the merits of the appellant's application, we note that the appellant failed to exercise his right to demand a determination pursuant to ECL 70-0109 (2) (b).

The appellant's rights to collect and transport sewage waste arise from his Waste Transporter Permit. The trial court's reliance upon State Administrative Procedure Act § 401 (2) as the basis for the appellant's rights in this regard was misplaced. Therefore, we have modified the order entered Novem-

ber 2, 1990, accordingly. Brown, J. P., Kunzeman, Harwood and Rosenblatt, JJ., concur.